UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA BUSSINGER KRZYANIAK,              Case No. 13-12137

                Plaintiff,              Victoria A. Roberts
v.                                        United States District Judge

COMMISSIONER OF SOCIAL SECURITY,          Michael Hluchaniuk
                                          United States Magistrate Judge
                Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 11)**

## I.    PROCEDURAL HISTORY

### A.    Proceedings in this Court

On May 15, 2013, plaintiff Tamara Bussinger Krzyaniak filed the instant

suit seeking judicial review of the Commissioner's unfavorable decision

disallowing benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

Rule 72.1(b)(3), District Judge Victoria A. Roberts referred this matter to the

undersigned for the purpose of reviewing the Commissioner's decision denying

plaintiff's claim for disability insurance benefits.  (Dkt. 3).  This matter is before

the Court on cross-motions for summary judgment.  (Dkt. 8, 11).

### B.    Administrative Proceedings

Plaintiff filed the instant claim for supplemental security income on May 14,

2010, alleging disability beginning December 21, 2005. (Dkt. 6-5, Pg ID 183-86). Plaintiff's claims were initially disapproved by the Commissioner on January 12, 2011. (Dkt. 6-3, Pg ID 127). Plaintiff requested a hearing and on November 7, 2011, plaintiff appeared, with counsel, before Administrative Law Judge ("ALJ") Michael S. Condon, who considered the case de novo. (Dkt. 6-2, Pg ID 62-112). In a decision dated December 7, 2011, the ALJ found that plaintiff was not disabled. (Dkt. 6-2, Pg ID 44-57). Plaintiff requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits,[1] the Appeals Council, on March 11, 2013, denied plaintiff's request for review. (Dkt. 6-2, Pg ID 26-29); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1963 and was 48 years old at the time of the administrative hearing, and 47 years of age on the date the application was filed. (Dkt. 6-2, Pg ID 55; Dkt. 6-5, Pg ID 114). Plaintiff had past relevant work in the industrial security field. (Dkt. 6-2, Pg ID 55). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the application date of May 14, 2010. (Dkt. 6-2, Pg ID 49). At step two, the ALJ found that plaintiff's diabetes mellitus (DM) (recent diagnosis) and degenerative disc disease (DDD) of the lumbar spine-post fusion surgery and follow-up surgery to remove hardware, were "severe" within the meaning of the second sequential step, but that plaintiff's migraine headaches, hypertension and alleged mental impairment were not severe. (Dkt. 6-2, Pg ID 49-51). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 6-2, Pg ID 51-52).

The ALJ determined that plaintiff had the following residual functional capacity ("RFC"):

> to perform less than a full range of "sedentary" work as defined in 20 CFR 416.967(a). The claimant cannot climb ladders, ropes or scaffolds but can frequently

> climb ramps and stairs. She can occasionally stoop and crouch but can never kneel or crawl. The claimant can frequently handle and finger with both upper extremities. She cannot reach overhead with her right upper extremity. The claimant cannot operate leg or foot controls with her lower extremities. She cannot operate motorized vehicles. The claimant should avoid concentrated exposure to vibration. She should avoid even moderate exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. The claimant requires a sit/stand option that she may exercise at will while remaining on-task at her workstation.

(Dkt. 6-2, Pg ID 52-55). At Step Four, the ALJ found that plaintiff was not able to perform her past relevant work in the industrial security field, which is classified as "semi-skilled" in nature and thus outside the parameters of the RFC. (Dkt. 6-2, Pg ID 55). The ALJ then found that jobs exist in significant numbers in the national economy that plaintiff can perform and concluded that plaintiff has not been under a disability since May 14, 2010, through the date of the decision. (Dkt. 6-2, Pg ID 56-57).

### B.    Plaintiff's Claims of Error

Plaintiff's brief is sparse, at best, and her arguments difficult to decipher. Plaintiff generally states as her claim of error that the Commissioner failed to properly evaluate the medical records and opinion evidence, and therefore formed an inaccurate hypothetical that did not accurately portray plaintiff's impairments. However, plaintiff does not identify any opinion evidence or other medical record

4

evidence that the ALJ failed to properly evaluate.  Instead, plaintiff cites only to

her testimony at the hearing that she was not able to use her arm due to pain (Tr.

55), that her back and legs became painful if she sits or stands for longer than five

minutes (Tr. 53), that she indicated that she has pain in her back, shoulder, hips

and legs (Tr. 47), and that she could not engage in any lifting with the right upper

extremity greater than five pounds (with no citation to the record).  (Dkt. 8, Pg ID

494-95).  Plaintiff argues that her limitations "effectively preclude her from

performing any work, including the listed representative occupations, and the

reasoning to support her lack of credibility is not substantiated."  (Dkt. 8, Pg ID

495).  Plaintiff contends that she could not perform the sedentary jobs identified

by the vocational expert in response to the ALJ's hypothetical question because

those jobs would "certainly require" use of her right upper extremity, and thus the

hypothetical question is improper.  Plaintiff, therefore, requests the Court to

reverse the Commissioner's decision denying benefits and remand this case with

an award of benefits or, in the alternative, remand the case for further proceedings.

### C.    The Commissioner's Motion for Summary Judgment

The Commissioner first argues that plaintiff has failed to brief any claim

with sufficient specificity to avoid waiver.  According to the Commissioner,

plaintiff's brief in this matter is similar to one this Court found to present no

non-waived issue in *Burger v. Commissioner of Social Security*, 2013 WL

2285375 (E.D. Mich. May 23, 2013).  The Commissioner contends that, after

some boilerplate language that is not connected to the facts of this case, plaintiff

essentially argues that she testified to work-preclusive limitations, the ALJ did not

adopt those limitations, and, thus, the ALJ erred.  The Commissioner argues that

this "argument" is inadequate to avoid waiver, as "[issues] adverted to in a

perfunctory manner, unaccompanied by some effort at developed argumentation,

are deemed waived."  *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996);

*see also Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. Appx. 464, 466 (6th Cir. 2003)

(quoting *Elder*).  The Commissioner contends that despite plaintiff's recitation of

her testimony, she fails to explain why it was erroneous for the ALJ to decline to

accept it, and instead seeks to have this Court develop her argument for her.

However, the Commissioner asserts, a "skeletal argument, really nothing more

than an assertion, does not preserve a claim."  *United States v. Dunkel*, 927 F.2d

955, 956 (7th Cir. 1991).

The Commissioner continues that, in any event, the ALJ's credibility

finding was reasonable and well-supported and should, therefore, be afforded its

due deference.  According to the Commissioner, the ALJ properly found plaintiff

had the following severe impairments: recently diagnosed diabetes mellitus and

degenerative disc disease in her low back following fusion surgery in 2002 and

removal of hardware in 2003.  (Tr. 23).  The ALJ further recognized that plaintiff

6

had very serious functional limitations and accordingly limited her to a reduced range of sedentary work. *See* Social Security Ruling (SSR) 96-9p, 1996 WL 374185 at *3 (1996) ("Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."). The Commissioner continues that the ALJ further provided a detailed list of work-related limitations that reasonably accommodated plaintiff's conditions. (Tr. 27). The Commissioner argues that, ultimately, plaintiff failed to meet her burden to show that more restrictive limitations were warranted. *See* 20 C.F.R. § 416.912; *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 569, 474 (6th Cir. 2003) (a claimant bears the burden of proving the existence and severity of limitations caused by her impairments up through step four, which included the determination of her residual functional capacity).

The Commissioner asserts that the ALJ reasonably explained why he did not credit plaintiff's claims that hypertension, migraine headaches, and mental-health issues would cause work-related limitations. (Tr. 26-28). As the ALJ explained, plaintiff admitted that her hypertension was well-controlled with medication and the ALJ was unable to link hypertension with any work-related functional limitation. (Tr. 25, citing Tr. 68-69). The ALJ also noted that plaintiff admitted that she had not experienced a migraine headache for about a year and that she believed the migraines were related to a hormonal imbalance that had since

7

resolved itself. (Tr. 24, citing Tr. 76). The ALJ further noted that plaintiff's

mental health was evaluated twice by a consultative examining psychologist,

Michael Brady, Ph.D., who found only transient or mild symptoms. (Tr. 25, citing

Tr. 356-60, 416-19).

The Commissioner further contends that the ALJ also explained why the

medical evidence failed to show that any more restrictive limitations were

warranted to accommodate plaintiff's status post-back surgery. The ALJ noted

that the electrodiagnostic studies showed evidence of common peroneal

mononeuropathy, but no evidence of a superimposed radiculopathy. (Tr. 29, citing

Tr. 237). The ALJ further discussed physical examination findings by the

consultative examining physician, Andrew Sears, M.D., who did not recommend

or express any functional limitations associated with plaintiff's condition. (Tr. 29,

citing Tr. 422-28). Indeed, the Commissioner continues, Dr. Sears found plaintiff

capable of performing all of the listed functions like sitting, standing, opening a

door, etc. (Tr. 425). According to the Commissioner, where Dr. Sears commented

that plaintiff expressed some difficulty with a particular function, those difficulties

were accommodated by the ALJ's residual functional capacity assessment with

postural limitations and precluding certain activities like overhead reaching and

using foot controls. (*C.f.*, Tr. 27, 425). The Commissioner argues that, tellingly,

plaintiff points to no further limitations as provided by any physician or treatment

8

provider and only cites to her own testimony.

The Commissioner asserts that plaintiff does not dispute any of this analysis by the ALJ, and while plaintiff may disagree with the ALJ's ultimate credibility assessment, the ALJ's assessment was well within the zone of reasonable choices. *See Mullen v. Bowen*, 800 F.2d 535, 595 (6th Cir. 1986); *see also Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (the substantial evidence standard presupposes that there is a zone of choice within which the decision maker can go either way, without interference by the courts). The Commissioner contends, moreover, that the ALJ provided a reasonable explanation for why he discredited plaintiff's allegations and that explanation was supported by substantial evidence. The Commissioner concludes that the ALJ made a reasoned and reasonable decision based on substantial evidence, and the ALJ's weighing of plaintiff's credibility should be afforded its due deference and the ALJ's decision should be affirmed.

## III.  DISCUSSION

### A.  Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The

9

administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant

10

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may

proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing, *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

### B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the

14

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

### C.    Analysis and Conclusions

The Commissioner asserts that plaintiff's argument is so perfunctory as to

amount to a waiver of that argument.  The undersigned recognizes that plaintiff

neither offers an account of her medical record as part of her motion nor does she

assert that the ALJ's interpretation of her medical record was error.  (*See* Dkt. 8).

Rather, plaintiff attacks the ALJ's determination with regard to her credibility,

arguing only that her testimony establishes that she is disabled.  (*Id*.). Specifically,

the sum total of plaintiff's argument is that she "testified at the hearing that she

was not able to use her arm due to pain" (Tr. 55), that "her back and legs become

painful [if] she sits or stands for longer than five minutes" (Tr. 53), that she

15

"indicated that she has pain in her back, shoulders, hips and legs" (Tr. 47), and that she "could not engage in any lifting with the right upper extremity greater than five pounds" (Dkt. 8). Plaintiff did not address the medical record evidence at all. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.*, 692 F. Supp.2d 762, 774 (E.D. Mich. 2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones.") (internals quotation marks and citations omitted). The undersigned agrees with the Commissioner that the credibility argument presented by plaintiff's counsel is not well developed, and in fact is so perfunctory that it should be deemed waived. However, the undersigned will nevertheless address plaintiff's credibility challenge.

The Commissioner asserts that the ALJ's finding is consistent with the medical record and supported by substantial evidence. The undersigned agrees. The credibility determination, guided by SSR 96-7p, describes a two-step process for evaluating symptoms. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1983). "First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment . . . that

16

can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.*  Second, SSR 96-7p directs that, whenever a claimant's allegations regarding "the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must analyze his testimony "based on a consideration of the entire case record." *Id.*  Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ.  *See*, *e.g.*, *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  It is the ALJ's function to determine credibility issues, *see Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987), and the court does not make its own credibility determinations.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).   Rather, the court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed. . . ."  *Kuhn v. Comm'r of Soc. Sec.*, 124 Fed. Appx. 943, 945 (6th Cir. 2005).  "Claimants challenging the ALJ's credibility determination face an uphill battle."  *Daniels v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 485, 488 (6th Cir. 2005).  "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference."  *Casey*, 987 F.2d at 1234; *see White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009).  However, credibility

17

assessments are not insulated from judicial review.  Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *See Walters*, 127 F.3d at 531.

Plaintiff conclusorily contends that the ALJ's analysis was not supported by substantial evidence, based solely on her testimony as to her limitations. However, as the relevant Social Security regulations make clear, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled."  20 C.F.R. §§ 404.1529(a), 416.929.  Instead, the Sixth Circuit has repeatedly held that "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *See Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 801 (6th Cir. 2004); *see also Moon v. Sullivan*, 923 F.2d 1175, 1182-83 (6th Cir. 1990) ("[T]hough Moon alleges fully disabling and debilitating symptomology, the ALJ, may distrust a claimant's allegations . . . if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other."). Plaintiff here tersely stated that the reasoning given by the ALJ to support the assessment of plaintiff's credibility is insufficient, but she fails to explain how this is so, much less address any of the reasons actually given by the ALJ for discounting her credibility.

The undersigned suggests that the ALJ's credibility findings were both well

explained and well supported.  The ALJ outlined the record evidence that

corroborates the existence of plaintiff's impairments and that simultaneously

illustrates the inconsistency between her report of functional limitations and the

objective findings.  (Tr. 29-30).  The ALJ noted that the medical findings do not

support the existence of limitations greater than the RFC here and do not sustain

plaintiff's allegations of disabling pain, noting that inconsistencies between

plaintiff's allegations and the medical evidence weaken plaintiff's credibility.  (Tr.

29-30).  In support of his finding, the ALJ noted that plaintiff's complaint of pain

in her right leg is corroborated by electrodiagnostic findings from 2003, but that

these findings showed only "common peroneal mononeuropathy" and "no

evidence of superimposed radiculopathy."  (Tr. 29, citing Tr. 237).  The ALJ noted

an October 2008 consultative examination of plaintiff, with an x-ray of her lumbar

spine showing moderate lumbar lordosis, but that the lumbar spine series

otherwise appears normal with no evidence of interspace narrowing or vertebral

compression.  (Tr. 29, citing Tr. 393).  An x-ray of plaintiff's right shoulder at that

same examination showed a normal right shoulder without demonstrated arthritic

change.  (Tr. 394).  The ALJ also noted the most recent physical examination of

plaintiff completed by Dr. Andrew Sears, M.D., in December 2010, and

recognized that Dr. Sears' examination indicated that plaintiff "shuffles" and "is

kind of slouched over when she walks," that she is quite tender in her lower back,

has difficulty bending at the waist, has limited straight leg raising in both legs, diminished sensation in the L4-S1 distribution, mildly positive Tinel's and negative Phalen's, but also noted that Dr. Sears did not recommend or express any functional limitations. (Tr. 29, citing 422-29). Indeed, Dr. Sears noted that plaintiff could perform all functions, such as standing, bending, stooping, pushing and pulling, squatting, and climbing stairs, although reporting some difficulty or complaints of pain with some functions. (Tr. 425). The ALJ noted that he accounted for those functional limitations noted in the RFC, which significantly limits plaintiff's overhead reaching, lifting and postural activities and allows her to sit and stand as needed. (Tr. 29). As the Commissioner points out, tellingly, plaintiff points to no further limitations as provided by any physician or treatment provider, but instead only cites to her hearing testimony.

The ALJ also recognized plaintiff's impairment of diabetes mellitus and testimony of blurry vision, but noted that she also testified that her physician's approach has been conservative thus far, involving only adjustments to her diet, with the possibility of oral medications to be added, and thus determined that this impairment was not disabling but was sufficiently accounted for in the RFC. Likewise, the ALJ addressed plaintiff's non-severe impairments of hypertension, migraine headaches, and mental health issues, and explained why those impairments did not cause disabling functional limitations. (Tr. 26-28). The ALJ

20

explained that the records show that plaintiff's hypertension was well-controlled with medication, that plaintiff has not experienced a migraine headache for about a year and believed the migraines were related to a hormonal imbalance that has since resolved, and that the consultative examining psychologist who evaluated plaintiff two times found only transient or mild symptoms.  (Tr. 24-25, citing Tr. 68-69, 76, 356-60, 416-19).  Plaintiff does not even address, much less dispute, these findings.  Indeed, plaintiff does not specifically dispute any of the analysis by the ALJ, and the undersigned concludes that the ALJ provided a reasonable explanation for why he discredited plaintiff's allegations.

The undersigned notes that the ALJ's finding that plaintiff was limited to a restricted range of sedentary level work is not inconsequential.  Under the Social Security regulations, "'sedentary work' represents a significantly restricted range of work.  Individuals who are limited to no more than sedentary work by the medical impairments have *very serious functional limitations*."  SSR 96-9p, 1996 WL 374185, at *3 (1996) (emphasis added).  However, "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004).  "The regulations recognize that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other

21

symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 426, 429 (6th Cir.

2007); 20 C.F.R. § 404.1545(e).  Thus, while the medical evidence indicates that

plaintiff does have severe impairments as noted by the ALJ, it does not

specifically support plaintiff's testimony regarding the extent of her limitations.

Indeed, there is evidence to support the ALJ's finding that plaintiff was able to

perform a limited range of sedentary work, and thus there is substantial evidence

to support the ALJ's finding that plaintiff was not fully credible, and the plaintiff's

claim of error should be denied.

Finally, the rule that a hypothetical question must incorporate all of the

claimant's physical and mental limitations does not divest the ALJ of his or her

obligation to assess credibility and determine the facts." *Redfield v. Comm'r of

Soc. Sec.*, 366 F. Supp.2d 489, 497 (E.D. Mich. 2005).  "In fashioning a

hypothetical question to be posed to a vocational expert, the ALJ is required to

incorporate only those limitations he accepts as credible." *Griffeth*, 217 Fed.

Appx. at 429.  "An ALJ is not required to accept a claimant's subjective

complaints, and 'can present a hypothetical to the VE on the basis of his own

assessment if he reasonably deems the claimant's testimony to be inaccurate.'" *Id.*

(quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003)).

Plaintiff has failed to cite to any record evidence to support a different or more

restrictive RFC, and as explained above, the ALJ's credibility determination is

supported by substantial evidence. Accordingly, the ALJ was not required to include additional limitations in plaintiff's RFC and plaintiff's claim of error fails. *See Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("[T]he ALJ is not obligated to incorporate unsubstantiated complaints into his hypotheticals.").

The substantial evidence standard presupposes that there is a zone of choice within which the decisionmaker can go either way, without interference by the courts. *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Because the ALJ reached his decision using correct legal standards and because those findings were supported by substantial evidence, the Court must affirm it, even if reasonable minds could disagree on whether the individual was disabled or substantial evidence could also support a contrary result. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's

23

motion for summary judgment be **GRANTED**, and that the findings of the

Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

24

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: July 18, 2014                     s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

**<u>CERTIFICATE OF SERVICE</u>**

     I certify that on July 18, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Richard J. Doud, Elizabeth J. Larin, Meghan O'Callaghan.</u>

                                   s/Tammy Hallwood
                                   Case Manager
                                   (810) 341-7887
                                   tammy_hallwood@mied.uscourts.gov